UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK - ISLIP
X-------------------------------------------------------------X

| | |
|---|---|
| AMANDA REYNOLDS, individually, and AMANDA REYNOLDS on behalf of FINNEGAN MARY REYNOLDS, | **COMPLAINT** <br><br> Index No.: 2:25-cv-3447 |
| Plaintiffs, | Jury Demanded. |
| v. | |
| UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE) | Venue is based on Plaintiffs' residence. |
| Defendants. | |

X-------------------------------------------------------------X

**PRELIMINARY STATEMENT**

1. This case presents a novel but urgent question: whether domestic companion animals, such as Plaintiff Finnegan Mary Reynolds, an eight year-old American-born golden retriever, may be recognized as non-human dependents under U.S. federal tax law, and whether the current tax code's exclusion of such recognition violates constitutional guarantees of Equal Protection under the Fourteenth Amendment and, simultaneously, protections against arbitrary wrongful takings under the Fifth Amendment.

2. Plaintiff, Amanda Reynolds, commences suit on behalf of herself, a taxpayer, and a putative class of similarly situated dog-owners whose financial contributions toward the maintenance of their dogs meet or exceed the definitional criteria of "support" under 26 U.S.C. Section 152, yet who are denied any tax recognition of that dependency, despite their dogs' functional integration into the household.

2

3. Plaintiff further asserts that the evolving understanding of animal legal status, coupled with state and federal regulation of animals as regulated entities, justifies the recognition of dogs as quasi-citizens entitled to limited civil recognition, including dependency status for tax purposes.

4. Plaintiff, Finnegan Mary Reynolds, is owned by Plaintiff Amanda Reynolds and has been since December 2016. Plaintiff Amanda Reynolds has provided Finnegan Mary a safe harbor, food, shelter, veterinary care, training, daycare and boarding without tax recognition for the past nearly nine years. While dogs are considered property, there is a rational basis to consider them as non-human companions where public policy espouses a fundamental appreciation for life, such as Finnegan's, and, the pursuit of happiness, which precede dogs' very existence. For all intents and purposes, Finnegan is like a daughter, and is definitely a "dependent".

5. While novel, this case is not frivolous or meritless and warrants serious consideration by this Honorable Court.

## JURISDICTION & VENUE

6. This Court is imputed jurisdiction under 28 U.S.C. Section 1331 (federal question), 28 U.S.C. Section 1346(a)(1) (civil against against the United States for tax payers) and 5 U.S.C. Section 702 (APA).

7. Venue is proper under 28 U.S.C. Section 1391(e) as Plaintiff resides in this judicial district.

## PARTIES

8. Plaintiff Amanda Reynolds is a resident of Woodbury, New York, a humble citizen of the United States of America, and a taxpayer who provides for Finnegan's full financial and

personal support including food, healthcare, housing, training, grooming, transportation and companionship.

9. Defendant United States of America, through its agency the Internal Revenue Service ("IRS") administers the federal tax code and implements policies related to dependency deductions and tax credits.

## FACTUAL ALLEGATIONS

10. Plaintiff owns and cares for a domestic dog, Finnegan Mary ("Finnegan") Reynolds, who is entirely dependent on her for all her life-sustaining functions and incurs annual expenses in excess of $5,000.00.

11. The Internal Revenue Code provides for tax relief for qualified dependents under Section 152, which includes children, certain relatives, and others meeting support, income and residency tests.

12. Despite satisfying all functional criteria of dependency – residence, financial reliance, absence of independent income, Plaintiff's dog Finnegan is categorically excluded from dependent status due solely to non-human classification.

13. In contrast, taxpayers with human dependents may claim a Child Tax Credit, Earned Income Tax Credit, Dependent Care Credit, and other benefits that collectively reduce taxable income or increase refunds.

14. The current tax scheme, thus, creates a disparate burden on pet-owning taxpayers who provide equivalent or greater levels of care, yet receive no financial recognition, despite dogs serving essential roles in human health, safety and companionship.

15. Further, some dogs qualify as service animals and are permitted under IRS Publication 502 as deductible medical expenses, evincing that classification as a dog is not itself disqualifying for tax preference.

16. The distinction between a "service dog" and a "dog" or "companion dog" lacks rational basis in financial context where both types incur the same economic outflows from the taxpayer.

17. The failure to recognize dogs as non-human dependents operates as a regressive and arbitrary penalty, and violates both the Equal Protection Clause of the Fourteenth Amendment and the Fifth Amendment's protection against wrongful takings of income via unjustified denial of a financial exemption.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF EQUAL PROTECTION (14TH AMENDMENT)

18. Plaintiff repeats, reiterates and realleges the foregoing paragraphs, "1" through "17", as though fully set forth herein.

19. Defendant United States of America's Internal Revenue Service ("IRS") refusal to allow tax recognition for dogs as dependents lacks a rational basis when such animals functionally meet the dependency tests applied to humans.

20. This discrimination between similarly situated taxpayers – those with financial dependents is arbitrary and capricious, unjustified and denies Plaintiff equal protection under the law.

21. Defendant United States of America/IRS owes a duty to its citizens, especially taxpayers, to be fair and equitable in accordance with the United States Constitution.

22. Defendant's disparate treatment of taxpayers in this way constitutes a breach of its duty owed to Plaintiffs.

23. Defendant's breach of its duty owed to Plaintiff was the cause-in-fact of Plaintiff's harm, i.e., monetary damages.

24. Defendant's breach of its duty owed to Plaintiff was the proximate cause of Plaintiff's monetary damages.

25. Plaintiff suffered damages in fact in the form of monetary damages and wrongfully withheld monies by Defendant.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF SUBSTANTIVE DUE PROCESS AND THE TAKINGS CLAUSE
## (FIFTH AMENDMENT)

26. Plaintiff repeats, reiterates and realleges the foregoing paragraphs, "1" through "25", as though fully set forth herein.

27. Plaintiff further alleges that the categorical exclusion of dog-related support expenses constitutes a wrongful taking of property in the form of lost tax deductions and credits, where Plaintiff is forced to pay higher tax burdens despite incurring analogous household support obligations.

28. The IRS has taken the position that only humans (or, narrowly, medically necessary service animals), may be recognized as financially relevant, which effectively confiscates property through exclusion without fair compensation or justification.

29. Defendant United States of America/IRS owes a duty to its citizens, especially taxpayers, to be fair and equitable and to not wrongfully withhold citizens' property through wrongful takings under the Fifth Amendment.

30. Defendant's treatment of Plaintiff in this way constitutes a breach of its duty owed to Plaintiffs.

31. Defendant's breach of its duty owed to Plaintiff was the cause-in-fact of Plaintiff's harm, i.e., monetary damages.

32. Defendant's breach of its duty owed to Plaintiff was the proximate cause of Plaintiff's monetary damages.

33. Plaintiff suffered damages in fact in the form of monetary damages and wrongfully withheld monies by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs humbly request that this Honorable Court:

a) declare that dogs may qualify as non-human dependents under an amended reading of 26 U.S.C. Section 152;

b) enjoin the IRS from categorically excluding dogs from dependent status without individualized consideration of functional dependency;

c) order the IRS to develop regulatory criteria for recognizing qualifying domestic companion animals as tax-relevant dependents;

d) award attorneys' fees and costs under the Equal Access to Justice Act (EAJA), and

e) grant any other relief this Court deems just and proper.

Dated: June 19, 2025  
Woodbury, New York

Respectfully submitted,

By: /s/ *Amanda S. Reynolds*  
Plaintiff, Pro Se