UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
AMANDA REYNOLDS, individually, and
AMANDA REYNOLDS on behalf of FINNEGAN
MARY REYNOLDS,

                        *Plaintiffs*,

        -against-

UNITED STATES OF AMERICA
(INTERNAL REVENUE SERVICE),

                        *Defendant*.
----------------------------------------------X

FILED
CLERK
12/8/2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

MEMORANDUM
AND ORDER
25-cv-03447 (NJC) (JMW)

**A P P E A R A N C E S:**

    Amanda S. Reynolds, I
    **Amanda S. Reynolds, Esq.**
    3 Harvard Drive
    Woodbury, NY 11797
    *Attorney for Plaintiffs, proceeding pro se*

    Daniel M. Caves
    **U.S. Department of Justice Tax Division**
    P.O. Box 55, Ben Franklin Station
    Washington, DC 20044
    *Attorneys for Defendant*

**WICKS**, Magistrate Judge:

"*Never, never be afraid to do what's right, especially if the well-being of a person or animal is at stake.*" – Martin Luther King, Jr.

Finnegan Mary Reynolds ("Finnegan"), a golden retriever, is the domestic canine companion of Plaintiff Amanda S. Reynolds ("Plaintiff"). Plaintiff has owned Finnegan since 2016, providing "a safe harbor, food, shelter, veterinary care, training, daycare and boarding without tax recognition". (ECF No. 1, at ¶ 4.) Plaintiff brought this action, proceeding pro se on behalf of herself, Finnegan and purportedly other taxpayers who are dog owners, seeking relief

1

for what she presents is a "novel but urgent question", namely, whether domestic companion animals, including Finnegan should be recognized as a "dependent" under the Internal Revenue Code. (*Id.* at ¶¶ 1-5.) She asserts two claims against Defendant United States of America's Internal Revenue Service ("IRS" or "Defendant") for (i) violations of the Fourteenth Amendment's Equal Protection Clause and (ii) Substantive Due Process under the Takings Clause of the Fifth Amendment. (*Id.* at 5-6.) Specifically, Plaintiff alleges that taxpayers who contribute financially to the maintenance of their dogs "meet or exceed the definitional criteria of 'support' under 26 U.S.C. § 152," but are denied the ability to claim their animal's status as a dependent "despite their dogs' functional integration into the household." (*Id.* at ¶ 2.)

The case is in its nascent stage; however, the Court must now determine whether a stay of discovery is warranted pending the IRS's anticipated motion to dismiss. (*See* ECF Nos. 15, 17.) For the reasons stated below, the motion to stay discovery pending the anticipated motion to dismiss (ECF No. 17) is **GRANTED**.

## THE LEGAL FRAMEWORK

"Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2)

2

the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.*

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Al Thani v. Hanke,* 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (alteration in original) (quoting *Republic of Turkey v. Christies, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). In assessing good cause, courts look to "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-CV-2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

## ANALYSIS

A stay of discovery under the circumstances presented is warranted. *First*, Defendant has amply demonstrated that Plaintiff's claims are unmeritorious on their face and are unlikely to survive the anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(4)-(6).[1] (*See* ECF No. 12.) *Second*, the breadth of discovery – should it proceed – could be substantial. And *third*, given the very early stages of this case, the risk of unfair prejudice is low. Indeed, Plaintiff consents to the issuance of a stay. Each factor is addressed below.

### I. *Defendant's Showing that Plaintiff's Claims Lack Merit*

Defendant has filed a pre-motion conference letter before the Hon. Nusrat J. Choudhury, which Plaintiff has not opposed or responded to. (*See* ECF No. 12.) The letter demonstrates that

---

[1] This conclusion is not intended in any way to pre-judge the motion to dismiss as neither the pre motion conference nor briefing schedule has been set. This analysis is done solely for purposes of determining whether a discretionary stay is appropriate at this stage.

3

Defendant is prepared to move to dismiss the entire Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (b)(4)-(6). Additionally, upon review of the pre-motion conference letter, it illustrates that Plaintiff's claims are likely to result in dismissal, warranting the stay at this stage. Defendant avers that not only does Plaintiff lack standing, but service was also improper, and that each claim fails as a matter of law. (ECF No. 12 at 2-3.)

First, to prevail against a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), the "plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). Relevant here, "[a] motion to dismiss for lack of Article III standing challenges the subject-matter jurisdiction of a federal court and, accordingly, is properly brought under Fed. R. Civ. P. 12(b)(1)." *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020).

Article III standing requires a party to show "(1) he 'ha[s] suffered or [is] imminently threatened with a concrete and particularized 'injury in fact' (2) that is 'fairly traceable to the challenged action of the defendant' and (3) that is 'likely to be redressed by a favorable judicial decision.'" *Browne v. Hynes*, 720 F. App'x 92, 93 (2d Cir. 2018) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014). "A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Id.* (quoting *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)).

Here, Plaintiff seeks declaratory and injunctive relief, and attorneys' fees.[2] (ECF No. 1 at 7.) Defendant argues that no injury has been pled and there are no allegations that Plaintiff has tried to claim her dog as a dependent. (ECF No. 12 at 2.) Moreover, Defendant continues that the only remote injury that is alleged is Plaintiff paying taxes, which cannot be defined as a Fifth Amendment taking. "Under Article III, federal courts do not adjudicate hypothetical or abstract disputes." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Plaintiff's Complaint appears to lack a real controversy for the Court to adjudicate. *See id.*

Moreover, the relief sought here is barred by both the Anti-Injunction Act (26 U.S.C. § 7421(a)), and the Declaratory Judgment Act (28 U.S.C. § 2201(a)). *See Kehmeier v. Atlas Air, Inc.*, No. 20-CV-4191 (VB), 2021 WL 2209876, at *2 (S.D.N.Y. June 1, 2021) ("The Anti-Injunction Act prevents courts from hearing suits brought 'for the purpose of restraining the assessment or collection of any tax.' 26 U.S.C. § 7421(a). … With respect to plaintiff's request for declaratory relief, the Declaratory Judgment Act bars federal courts from issuing any declaratory relief 'with respect to federal taxes.'"); *Clavizzao v. United States*, 706 F. Supp. 2d 342, 346 (S.D.N.Y. 2009) (same). Therefore, Defendant is likely to succeed if the motion proceeds as to the arguments made under Fed. R. Civ. P. 12(b)(1).

---

[2] Specifically, Plaintiff seeks:

> a) declare that dogs may qualify as non-human dependents under an amended reading of 26 U.S.C. Section 152; b) enjoin the IRS from categorically excluding dogs from dependent status without individualized consideration of functional dependency; c) order the IRS to develop regulatory criteria for recognizing qualifying domestic companion animals as tax-relevant dependents; d) award attorneys' fees and costs under the Equal Access to Justice Act (EAJA), and e) grant any other relief this Court deems just and proper.

(ECF No. 1 at 7.)

Next, as to the grounds proffered for lack of proper service, it appears Plaintiff has not properly served Defendant. Here, Defendant is a United States agency, and the relevant rule provides, "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." *See* Fed. R. Civ. P. 4(i); *see also Evans v. United States Dep't of Educ.*, No. 21-1521-CV, 2022 WL 1073802, at *1 (2d Cir. Apr. 11, 2022) (quoting *Kurzberg v. Ashcroft*, 619 F.3d 176, 178 (2d Cir. 2010)("Where, as here, a plaintiff sues a federal agency, she is required to 'serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency.' Fed. R. Civ. P. 4(i)(2). Serving the United States, in turn, requires 'deliver[ing] a copy of the complaint to the United States attorney for the district in which the action was brought and also send[ing] a copy of the summons and complaint by registered or certified mail to the Attorney General.'")); *Liu v. Garland*, No. 23-CV-1132 (PKC), 2024 WL 2941850, at *2 (E.D.N.Y. June 11, 2024) (internal citations omitted) ("[W]here a plaintiff sues a federal agency or a United States officer or employee, he is required to send a copy of the summons and complaint by registered or certified mail to the agency, officer, or employee, *see* Fed. R. Civ. P. 4(i)(2), and to serve the United States by 'deliver[ing] a copy of the complaint to the United States attorney for the district in which the action was brought and also send[ing] a copy of the summons and complaint by registered or certified mail to the Attorney General[.]'")

A review of the docket indicates that Plaintiff has not complied with the above. (*See* ECF No. 14.) (showing the summons & complaint was served on a security representative (*id.* at 1), a defendant representative (*id.* at 2), and on the IRS by certified mail (*id.* at 3)). Defendant also

6

contends that these insufficient attempts to serve Defendant include missing pages of the required documents. (ECF No. 12 at 3.)

And finally, to withstand dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")). Complaints are properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

Plaintiff alleges two claims under the Fourteenth Amendment and Fifth Amendment. Defendant asserts that the first claim fails since the Fourteenth Amendment applies to state actors, and Defendant here is a federal actor. (ECF No. 12 at 2.) Indeed, it is the Fifth Amendment rather than the Fourteenth that protects citizens from federal unconstitutional acts. *See Dowd v. DeMarco*, 314 F. Supp. 3d 576, 585 (S.D.N.Y. 2018) (discussing that the Fifth Amendment's Due Process Clause protects citizens against only federal government actors); *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006) (same); *see also Modest Needs Found. v. Bianco*, No. 16-CV-3144 (HBP), 2017 WL 3130416, at *11 (S.D.N.Y. July 21, 2017) ("Because defendants are employed by the federal government and are not state actors, the Fourteenth Amendment is inapplicable to them and, therefore, plaintiffs' Fourteenth Amendment claims are dismissed.")

Likewise, Plaintiff's Fifth Amendment claim that the exclusion of dog-related deductions, thereby incurring additional "household support obligations" is a wrongful taking of property, may likely fail. (ECF No. 1 at ¶ 27.) The Takings Clause of the Fifth Amendment

7

ensures that the government not take private property for public use without providing compensation to that owner. *See* U.S. Const. amend. V ("nor shall private property be taken for public use, without just compensation"). Plaintiff does not offer at this stage any authority that supports this proposition. Nor has Plaintiff opposed Defendant's pre-motion conference letter that was filed September 2, 2025—way before the lapse of appropriations temporarily stayed this matter. Thus, while there are cases involving violations of the Takings Clause that are in the tax context, none fit the script here. *See e.g.*, *Dorce v. City of New York*, 608 F. Supp. 3d 118, 139 (S.D.N.Y. 2022) (discussing the Fifth Amendment in the context of "a process provided to enable foreclosed-upon landowners [after non-payment of taxes] to recover their surplus equity"); *Cavaluzzi v. Cnty. of Sullivan*, No. 23 CIV. 11067 (PAE), 2025 WL 1347142, at *6 (S.D.N.Y. May 8, 2025) (discussing the line of cases that do not allow a county to retain surplus funds of owed taxes); *Ramsey v. City of Newburgh*, No. 23-CV-8599 (CS), 2024 WL 4444374, at *2 (S.D.N.Y. Oct. 8, 2024) (same). In any event, if this claim were to proceed on its merits, Defendant argues it should still fail as "the requirement that dependents be human beings is rationally related to the legitimate government interest in preventing fraud and abuse in the tax system." (ECF No. 12 at 2.)

Moreover, Defendant avers that "mere payment of taxes is not a taking of property without just compensation," and thus, there is no merit for Plaintiff's Fifth Amendment claim. (ECF No. 12 at 2.) And, if the Court were to find merit, there are alternative remedies available for Plaintiff prior to federal suit. *See Higgins v. United States*, No. 02-CV-499 (ARR), 2003 WL 21693717, at *2 (E.D.N.Y. May 27, 2003) (internal citations omitted) ("However, 'because the Internal Revenue Code provides taxpayers with adequate legal remedies to redress unlawful tax assessments and collections, a *Bivens* remedy is generally unavailable in the tax context.'

8

Plaintiff has opportunities to remedy this allegedly unconstitutional conduct in internal IRS proceedings and cannot therefore bring it in federal court.")

The passion and dedication for animals as pets runs deep in the U.S.[3] However, the Tax Code simply does not allow for animals to be claimed as tax dependents. *See* 26 U.S.C. § 152 ("For purposes of this subtitle, the term "dependent" means-- (1) a qualifying child, or (2) a qualifying relative."); *see also Schoen v. Comm'r*, 34 T.C.M. (CCH) 746 (T.C. 1975) ("Whatever validity there may be to the ancient maxim that a dog is man's best friend, it is all too clear to us that in no circumstances can a dog qualify as a dependent by reason of being a relative of the taxpayer by blood, marriage or adoption within any of the categories set forth in section 152(a)(1)—(8) and (10), or as an 'individual' who is a member of the taxpayer's household within section 152(a) (9)."); *Davidson v. Comm'r*, 36 T.C.M. (CCH) 962 (T.C. 1977) ("Petitioner was not entitled to use the head of household rates for 1972 since she lived alone, and neither her dogs nor her cats can qualify as 'dependents' under section 152."); *Rodriguez v. Comm'r*, 97 T.C.M. (CCH) 1090 (T.C. 2009) ("Rodriguez did not credibly testify that the dogs were primarily guarding business property, and we find that these expenses are just for his family dogs. They are not deductible.") Plaintiff's claims seem to be misguided and while the IRS allows for certain deductions, the ones sought here cannot be. *See* Robert Thorpe, *Can You Claim Pets on Tax Returns? What to Know*, NEWSWEEK, (last updated Feb. 01, 2025, at 10:38

---

[3] It is estimated that as of 2025, 94 million U.S households have pets, up from 82 million in 2023.  *See The American Pet Products Association (APPA) Releases 2025 State of the Industry Report*, AMERICAN PET PRODUCTS ASSOCIATION (Mar. 26, 2025) *https://americanpetproducts.org/news/the-american-pet-products-association-appa-releases-2025-state-of-the-industry report#:~:text=Said%20APPA%20President%20and%20CEO,Boomer%20and%20Gen%20X%20counterparts.*  Out of that 94 million, 65.1 million are dog owners.  *See* Michelle Megna, *Pet Ownership Statistics 2025,* FORBES, (Oct. 31, 2025, 9:29 AM) https://www.forbes.com/advisor/pet-insurance/pet-ownership-statistics/.  The total percentage of U.S. households owning dogs is now at approximately 66%.  *Id.*

9

AM ET) https://www.newsweek.com/can-you-claim-pets-tax-returns-what-we-know-2024512 (discussing that the IRS doesn't allow pets to be claimed as dependents and outlining when certain pet-related expenses might be deductible such as service animals and medical expenses, pet-related business deductions, and foster pets and charitable contributions).

*Au fond*, the motion to dismiss stands a high likelihood of success and although "every dog has its day", today is not the day. Accordingly, as the claims could result in dismissal, this factor weighs heavily *in favor* of granting the stay.

## II.     *Breadth of Discovery*

In the absence of a stay, the Parties will have to conduct all fact discovery including depositions if the Court directs the Parties to move forward and issues a 26(f) Scheduling Order. Defendant contends that for discovery to take place prior to resolving the threshold legal issues, including proper service to be effectuated, it would cause an undue burden or unnecessary action by the Parties if the case is dismissed or at least narrowed in some fashion. (ECF No. 15 at 3.) Given the circumstances present here, granting the stay would help the Parties "avoid substantial burden and waste of precious resources." *Posada v. E. Coast Cap. Corp.*, No. 23-CV-01579 (RER)(JMW), 2025 WL 2721621, at *3 (E.D.N.Y. Sept. 24, 2025) (quoting *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024)). This is particularly true where, as here, Defendant seeks to dismiss the entirety of the Complaint. *See Mineo v. Town of Hempstead*, No. 22-CV-04092 (JMA) (JMW), 2023 WL 7283784, at *2 (E.D.N.Y. Nov. 3, 2023) (noting, where defendants' motion to dismiss sought to "dismiss of the entire complaint," that it would be "most prudent" to avoid the costly expenses of discovery conducted in the interim before the motion is decided).

Based on the above, considering the breadth of discovery, this factor weighs *in favor* of granting the stay.

### III.   *Risk of Unfair Prejudice*

There exists little to no prejudice if a stay is granted. The case is still in its nascent stages as an Initial Conference has not been held[4] and a discovery schedule has not been implemented. *See Gagliano v. United States*, No. 24-cv-07930 (SJB) (JMW), 2025 WL 1104042, at *4 (E.D.N.Y. Apr. 14, 2025); *Amron v. 3M Minn. Mining & Mfg. Co.*, No. 23-cv-08959 (PKC) (JMW), 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) (granting a stay where the case was "still in its early stages" considering a discovery schedule had not been entered and discovery had not begun). Additionally, "[m]ere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021).  Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020). Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting stay absent prejudice due to early stages of litigation). Moreover, this is a joint application thereby demonstrating *both* parties have expressed a desire to enter into a stay. *See Concern for Indep. Living, Inc. v. Town of Southampton, New York*, No. 24-cv-07101 (RPK) (JMW), 2025 WL

---

[4] The Initial Conference was set for October 8, 2025, before the undersigned. However, due to the lapse in appropriations for certain federal government functions, it was adjourned *sine die*. Upon the restoration of funds, the undersigned asked the Parties to file a letter informing the Court if they would like to renew their motion to stay or proceed with the Initial Conference. Shortly thereafter, the Parties submitted a joint letter stating their intention to renew the stay application.  (*See* Electronic Orders dated 10/03/2025, 11/20/2025; ECF No. 17.)

327983, at *4 (E.D.N.Y. Jan. 29, 2025) (finding little to no prejudice if discovery were stayed where "Plaintiff has consented to a stay").

Accordingly, careful consideration of the relevant factors and the Parties' submissions demonstrates that good cause indeed exists to warrant a stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115; *Hachette Distrib., Inc.,* 136 F.R.D. at 358.

## CONCLUSION

For the foregoing reasons, the motion to stay discovery (ECF No. 17) is **GRANTED**. Discovery is hereby stayed pending resolution of the anticipated motion to dismiss. In the event the motion to dismiss is denied and any of the claims survive, then the parties are directed to meet and confer and file a joint letter with proposed discovery deadlines within five (5) days of the issuance of the Order on the motion to dismiss.

Dated: Central Islip, New York
      December 8, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge